STATE OF MAINE *vs.* GEORGE SCHOPPE.

Sagadahoc.    Opinion January 28, 1915.

*Complaint.   Demurrer.   Dwelling.   Intoxicating Liquors.   R. S., Chap. 29, Sec. 52.   Seizure.   Store.   Traffic.   Warrant.*

The officer, in this case, seized the intoxicating liquors without a warrant, under R. S., Chap. 29, Sec. 48, and within a reasonable time thereafter, made complaint and obtained a warrant for the same.

*Held:*

1.   That in all cases where an officer may seize intoxicating liquors, or the vessels containing them, upon a warrant, he may seize the same without a warrant, and keep them in some safe place for a reasonable time until he can procure such warrant.

2.   The statute clearly authorized the seizure made in this case.   The complaint was in the form prescribed by statute and conformed thereto with substantial accuracy.

3.   The description of the place where the liquors were found is merely preliminary, and does not constitute a description of the offense alleged to have been committed.

4.   By this statute, no new or additional authority is given to search; it is only to seize.   It is to seize what the officer may be enabled to seize, without the unreasonable searches prohibited by the constitution.

5.   Even if the seizure was illegal, that is no defense for the defendant's violation of the law.   If the sheriff has violated any law, he is responsible for same, but that will not constitute any justification or excuse for the defendant.

6. Possession of spirituous and intoxicating liquors with intent to sell the same in violation of law, is an offense, and the defendant's possession with such intent was unlawful, wherever he kept his liquors.

7. If the liquors were kept in violation of law, they were none the less liable to forfeiture, because the possession of them were wrongfully or illegally obtained.

On report. Demurrer overruled. Judgment affirmed.

A process for search and seizure of intoxicating liquors, was issued by the Bath Municipal Court on the 3d day of July, 1913. The respondent was tried in said court and found guilty, and appealed to the Supreme Judicial Court for said County. In the Supreme Judicial Court, the respondent filed a general demurrer. Without ruling upon the demurrer the case was reported to the Law Court for determination. If the court is of the opinion that the complaint and warrant are defective, the entry is to be "Demurrer sustained; Complaint quashed;" If the complaint and warrant are held good, the entry is to be; "Demurrer overruled; Judgment of Bath Municipal Court affirmed."

The case is stated in the opinion.

*Edward W. Bridgham,* County Attorney, for State.

*Frank L. Staples,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, HANSON, PHILBROOK, JJ.

HANSON, J.    This process for seizure of intoxicating liquors taken without a warrant, was issued by the Judge of the Municipal Court of the city of Bath. The respondent filed a demurrer to the complaint and warrant. The case was then by agreement reported to this court for determination, with the stipulation that "if the court is of the opinion that the complaint and warrant are defective, the entry is to be: 'Demurrer sustained; complaint quashed'; if the complaint and warrant are held good, the entry is to be, 'Demurrer overruled; judgment of the Bath Municipal Court affirmed.' "

The complaint and warrant follow:

"To the Judge of the Bath Municipal Court in the County of Sagadahoc:

Chester C. Aderton of Bath in said County, and competent to be a witness in civil suits, on the third day of July in the year of our Lord one thousand nine hundred and thirteen, in behalf of said State, on

oath complains that he believes that on the third day of July in said year at West Bath, in said County, intoxicating liquors were unlawfully kept and deposited by George Schoppe of Bath in said County, in the dwelling house, or hotel and its appurtenances occupied by the said George Schoppe and situated on the south side of 'Bull Rock Bridge' Road and the east side of New Meadows River in said West Bath, said George Schoppe not being then and there authorized by law to sell liquors within said State and that said liquors then and there were intended for sale by the said George Schoppe in this State in violation of law, against the peace of said State, and contrary to the form of the statute in such case made and provided.

And the said Chester C. Aderton on oath further complains that he, the said Chester C. Aderton on the third day of July, A. D. 1913, being then and there an officer, to wit, a deputy sheriff of the County of Sagadahoc duly qualified and authorized by law to seize intoxicating liquors kept and deposited for unlawful sale, and the vessels containing them, by virtue of a warrant therefor, issued in conformity with the provisions of the law, did find upon the above described premises, one dress suit case containing ten bottles, each containing one pint of whiskey, intoxicating liquors as aforesaid, and the vessels containing the same, then and there kept, deposited and intended for unlawful sale as aforesaid within this State, by the said George Schoppe and did then and there, by virtue of his authority as a deputy sheriff aforesaid, seize the above described intoxicating liquors and the vessels containing the same, to be kept in some safe place for a reasonable time, and hath since kept, and doth still keep, the said liquors and vessels to procure a warrant to seize the same.

He therefore prays that due process be issued to seize said liquors and vessels, and them safely keep until final action and decision be had thereon, and that said George Schoppe be forthwith apprehended and held to answer to said complaint, and do and receive such sentence as may be awarded against him.

3

Sagadahoc, ss.　　　　　　　　　　　　　　　July 3, 1913.

The said Chester C. Aderton made oath that the above complaint by him signed, is true.

Before me, JOHN J. KEEGAN, Judge.

State of Maine

(*L. S.*)

Sagadahoc, ss.

To the Sheriff of our County of Sagadahoc, or either of the Towns or Cities within said County, or to any or either of them,

*Greeting:*

In the name of the State of Maine, you are commanded to seize the liquors and the vessels in which they are contained, named in the foregoing complaint, of said Chester C. Aderton, and now in his custody, as set forth in said complaint, which is expressly referred to as a part of this warrant, and safely keep the same until final action and decision be had thereon, and to apprehend the said George Schoppe forthwith, if he may be found in your precinct, and bring him before the Municipal Court for the City of Bath in said County, to answer to said complaint, and to do and receive such sentence as may be awarded against him.

Witness, John J. Keegan, Esq., our said Judge at Bath, aforesaid, this third day of July, in the year of our Lord one thousand nine hundred and thirteen.

JOHN J. KEEGAN,

Said Judge."

In support of the demurrer the respondent attacks the sufficiency of the complaint, and the warrant as well, because the complaint is made part of the warrant, and invokes R. S., Chap. 29, Sec. 52:—"No warrant shall be issued to search a dwelling house occupied as such, unless it, or some part of it, is used as an inn or shop, or for purposes of traffic, or unless the magistrate before whom the complaint is made, is satisfied by evidence presented to him, and so alleges in said warrant, that intoxicating liquor is kept in such house or its appurtenances intended for sale in this State, in violation of law," and says that if this were a "search and seizure process" instead of what is often "perhaps not with strict accuracy," called a "seizure" process, the demurrer would be sustained, "because there is no allegation that the dwelling or part of it is used for the purposes of traffic," and we cannot regard the words "shop or dwelling" "and occupied as a

store and dwelling" (here dwelling-house or hotel) as, or equivalent to, an allegation that the dwelling house "or some part of it, is used as an inn or shop," The State's counsel contends that the last sentence of Chap. 29, Sec. 48, authorizes the present process, that its requirements have been complied with, and that the complaint and warrant issued thereunder are sufficient in law. That section provides: "Intoxicating liquors kept and deposited in the State, intended for unlawful sale in the State, and the vessels in which they are contained, are contraband and forfeited to the county in which they are kept at the time when they are seized under this chapter. And in all cases where an officer may seize intoxicating liquors or the vessels containing them, upon a warrant, he may seize the same without a warrant, and keep them in some safe place for a reasonable time until he can procure such warrant."

The attorney for the respondent contends, "that the last sentence of that section must mean, that when an officer may seize liquors upon a *legal* warrant he may seize them without a warrant."

2. That the complaint should be as precise in this case as in that for a search warrant.

3. That the allegations of the seizure, complaint and warrant should determine whether the liquors could legally have been taken with a warrant.

These objections relate to the form of the complaint, and while they would have force if directed to the form of the complaint necessary in a search and seizure process, their significance is lost when the distinction is recognized between that process and the process to seize under Sec. 48 of Chap. 29, R. S., as this court has heretofore held. In *State* v. *Nadeau*, 97 Maine, 275, the court holds: "The search and seizure process is in a class by itself. The constitution of the State has so placed it. The Bill of Rights, Sec. 5, provides that the people shall be secure in their persons, houses, papers and possessions from all unreasonable search and seizure; and that no search warrant shall issue without a special designation of the place to be searched and the thing to be seized."

The statute clearly authorized the seizure made in this case. The complaint was in the form prescribed by statute, and conformed thereto with substantial accuracy. The description of the place where the liquors were found is merely preliminary, and does not constitute a description of the offense alleged to have been com-

mitted, viz: "the keeping of intoxicating liquors . . . intended for sale in this State in violation of law." The warrant is not questioned except as it may stand or fall with the complaint.

The complaint appears to contain a statement of all the facts leading to the seizure of the liquor, and we must so conclude from the record. The officer making complaint had performed that duty within a reasonable time, and on receiving the warrant performed the other services required by law. We think the complaint sets forth all the necessary facts to constitute the offense charged. *State* v. *McCann*, 59 Maine, 385, and therefore fulfills the requirements of the statute. *State* v. *Holland*, 104 Maine, 391. The section under consideration has been passed upon many times. In *State* v. *McCann*, supra, the circumstances of the seizure were practically identical with the case at bar, and the court said, "by this statute, no new or additional authority is given to search. It is only to seize. It is to seize what the officer may be enabled to seize, without the unreasonable searches prohibited by the constitution. The act to this extent is constitutional. *Jones* v. *Root*, 6 Gray, 435; *Mason* v. *Lothrop*, 7 Gray, 355." *Weston* v. *Carr*, 71 Maine, 357; *State* v. *Guthrie*, 90 Maine, 448. "The evidence does not show any unlawful search, nor indeed any search. It simply proves a seizure, which we are not to presume illegal, without evidence." Idem. *State* v. *Bradley*, · 96 Maine, 124.

Following close upon the foregoing, the court again passed upon the question. In *State* v. *McCann*, 61 Maine, 116, where search and seizure were made by the sheriff without a warrant, and the point was urged by the defendant, the court, by Appleton, C. J., said: "It is objected that the seizure was illegal, the officer having proceeded to search without any warrant. Suppose it was so, that is no defense for the defendant's violation of law. If the sheriff has violated any law, he is responsible for such violation, but that will not constitute any justification or excuse for the defendant."

The last contention of the defendant's counsel, as to the uncertainty created by the description of the place where the liquor was found, has been passed upon by this court in *State* v. *Plunkett*, 64 Maine, 538. It was there held that "possession of spirituous and intoxicating liquors with intent to sell in violation of law, is an offense. The defendant's possession with such intent was unlawful, wherever he kept his liquors." If the liquors were kept in violation of law, they

were none the less liable to forfeiture, because the possession of them was wrongfully or illegally obtained. *State* v. *McCann*, 61 Maine, 116. The defendant is none the less guilty, however the government may obtain possession of his person. If a complaint is made against one for larceny, and a search warrant is granted, and the stolen goods found, the thief is not to be discharged when his guilt is fully established, because the officer in serving the warrant may have exceeded his authority, or the complainant may not have had sufficient reasons for the belief upon which his complaint was based. In the case at bar, the offense was committed wherever the liquors were kept and deposited, if kept by and deposited with the defendant for unlawful sale within the State. The offense is committed whether they were in his store or his dwelling. The guilt of the respondent is not converted into innocence, though the belief of the complainant as to some of the allegations in the complaint were not well founded, or the officer, in its service, exceeded his authority.

There is no hardship involved in cases of this kind when an officer does in fact exceed his authority, for provisions for redress are ample, and an officer who seizes property without a warrant is held to a strict compliance with all the requirements of law authorizing such proceedings. *State* v. *McCann*, 61 Maine, 116; *State* v. *Plunkett*, 64 Maine, 528; *Adams* v. *Allen*, 99 Maine, 249.

Counsel on both sides cite with confidence *State* v. *LeClair*, 86 Maine, 527. There the seizure was made without a warrant, and objection was made to the form of complaint. The court held that "The forms set forth in Sec. 63, Chap. 27, R. S., are declared to be sufficient in law for all cases, "to which they purport to be adapted." The form there provided for a "complaint in case of seizure" was prepared before the Act of 1870, Chap. 125, Sec. 2, (R. S., Chap. 27, Sec. 29) now Chap. 29, Sec. 48, R. S., and does not "purport to be adapted" to the seizure without a warrant there authorized. This change in the statute obviously requires such change in the form of the process as will bring it into conformity with the facts, and are unobjectionable in form. *State* v. *McCann*, 59 Maine, 383; *State* v. *Nowlan*, 64 Maine, 531; *State* v. *Dunphy*, 79 Maine, 104.

In accordance with the stipulation filed the entry must be,

> *Demurrer overruled.*
> *Judgment affirmed.*