**STATE of Maine**

v.

**Kenneth FOISY.**

Supreme Judicial Court of Maine.

March 29, 1978.

---

Thomas E. Delahanty, II, Dist. Atty. (orally), Auburn, for plaintiff.

Cote, Cote & Hamann, P. A., by Marc P. Ayotte (orally), Lewiston, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

WERNICK, Justice.

On August 2, 1977 probation revocation proceedings were instituted in the Superior Court (Androscoggin County) against defendant Kenneth Foisy.[1] Defendant subsequently filed a motion asking that certain matters potentially usable as evidence in connection with the probation revocation proceeding be suppressed as evidence at such proceeding. The motion was denied on the ground that the Criminal Rules and the "evidence-exclusionary" rule (as a sanction for violations of the 4th–14th Amendments to the Constitution of the United States) do not apply to a probation revocation proceeding such as is here involved. The Justice who presided at the probation revocation proceeding determined that defendant had violated one or more of the conditions of probation. Then concluding that it was appropriate to revoke the probation, the Justice revoked the order which suspended the execution of sentence and placed defendant on probation, and he imposed execution of the original sentence. Defendant has appealed from the judgment so adjudicating.

We deny the appeal.

■ As a condition of his probation defendant was required "to obey all laws of this State . . . ." The preliminary hearing report dated August 2, 1977 set forth the following citation against defendant for violation of the terms and conditions of his probation:

"On 5/22/77, at Sabattus, [defendant] was found in possession of marijuana, amphetamine, and amobarbital, which is defined as contraband, and a violation of probation in that he failed to obey the law."

A report filed by a State chemist confirmed that the substances seized by the Sabattus Police from defendant included marijuana, amphetamine and amobarbital.

At the conclusion of the revocation proceeding on September 2, 1977, the presiding Justice admitted as evidence the above-de-

---

1. On April 2, 1976, defendant had entered a guilty plea in the Superior Court to a charge of high and aggravated assault. (17 M.R.S.A. § 201). Defendant was sentenced to the Maine State Prison for not less than 2½ years and not more than 5 years but execution of the sentence was suspended and defendant was placed on probation for two years.

scribed contraband which had been discovered by the Sabattus Police in the course of a search claimed by defendant's motion to suppress to have been conducted in violation of the 4th–14th Amendments to the Constitution of the United States. The Justice then ruled:

"The possession of any drug paraphernalia is a violation of law. Possession of marijuana is a violation of law.

"I find from this evidence, both direct and circumstantial, that the defendant did violate the law on this occasion and, therefore, has violated the terms and conditions of his probation. And the only other consideration is whether or not that violation is of such a nature that the probation ought to be revoked. In some situations the Court has on occasion felt that the continuation of probation would be warranted and justified. I do not feel that way in this case. I think that the conditions and terms have been violated and the original sentence should, then, be reinstated and placed into effect.

"The Court does determine that the State has satisfied its burden of proof in establishing a violation of probation. The probation is revoked."

Defendant contends that the Court erred in ruling that the "evidence-exclusionary" rule, as the sanction for violations of the 4th–14th Amendments to the Constitution of the United States, is inapplicable in probation revocation proceedings. Defendant asks the Court either to distinguish or to overrule *State v. Caron*, Me., 334 A.2d 495 (1975).

In *Caron* we held that the "evidence-exclusionary" rule here invoked by defendant [2] has no application

"to a hearing for revocation of a probation granted incident to the imposition, and suspension of the execution, of a sentence for guilt of crime . . . ." (334 A.2d at 499)

The reasons underlying this conclusion are equally valid now more than three years after the decision in *Caron*. In addition, although there are no new relevant Supreme Court decisions, a number of other courts have joined the courts cited in *Caron* in holding that the 4th Amendment "evidence-exclusionary" rule does not apply to the kind of probation revocation proceeding addressed in *Caron*. See, e. g., *United States v. Vandemark*, 522 F.2d 1019 (9th Cir. 1975); *United States v. Farmer*, 512 F.2d 160 (6th Cir. 1975); *State v. Sears*, Alaska, 553 P.2d 907 (1976); *People v. Dowery*, 62 Ill.2d 200, 340 N.E.2d 529 (1975); *Dulin v. State*, 346 N.E.2d 746 (Ind.Ct.App. 1976). We find nothing to justify changing, or departing from, our conclusion in *Caron* that application of an "evidence-exclusionary rule in all criminal prosecutions is a sufficient police deterrent, even where (as apparently here) no criminal proceedings were instituted against defendant in regard to his possession of marijuana, amphetamine or amobarbital. Cf. *State v. Caron*, Me., 334 A.2d 495, 499–500 n. 6 (1975).

Defendant further argues that even if the evidence was properly admitted, the Court erred by making an arbitrary and improper decision. Defendant suggests that the Court failed to give adequate reasons or to make sufficient findings to support its decision to revoke defendant's probation.

■ We reject this argument. The Criminal Code provides that an inexcusable violation of a condition of probation authorizes the revocation of probation. See 17–A M.R.S.A. § 1206. Under the applicable statute, therefore, the factual finding of a violation of a condition of probation is a sufficient statement of the "evidence relied on and reasons for revoking [probation or] pa-

---

**2.** Defendant also argues that Article I, Section 5 of the Maine Constitution mandates application of the exclusionary rule either to all probation revocation proceedings or to the particular hearing in this case. This Court, however, has consistently declined to provide an exclusionary rule sanction pursuant to our State Consti-

tution where the exclusionary rule mandated by the 4th and 14th Amendments to the Constitution of the United States does not require the exclusion of evidence. See *State v. Stone*, Me., 294 A.2d 683, 693 n. 15 (1972); *State v. Schoppe*, 113 Me. 10, 92 A. 867 (1915).

role." *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Here, the finding that defendant possessed marijuana in violation of law, see 17–A M.R.S.A. § 1106, 22 M.R.S.A. § 2383, warranted the revocation of defendant's probation. Even if we assume that it was error for the presiding Justice to regard the possession of "drug paraphernalia" as a violation of law, a new hearing is not required, since, here, the only drug paraphernalia which were involved were those related to the use and possession of marijuana. Although the presiding Justice may consider other factors in his decision whether to revoke probation, we find no evidence in this case to suggest that the presiding Justice acted arbitrarily in revoking probation based on the marijuana violation.[3]

The entry is:

*Appeal denied.*

*The judgment revoking probation and imposing execution of the original sentence is affirmed.*

DELAHANTY and NICHOLS, JJ., did not sit.

---

**3.** Defendant's suggestion that the presiding Justice based the revocation of probation on an armed robbery indictment then pending against defendant is not supported by the record. The Justice referred to the robbery indictment *only subsequent to his revocation* decision—in a proceeding to determine whether to admit defendant to bail pending appeal in this action.

We also note that although the presiding Justice did not specifically so find, the evidence warranted a finding that defendant had also possessed amphetamine and amobarbital in violation of law. See 17–A M.R.S.A. §§ 1102(1)(A), 1102(3)(A), 1107(2).