STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CRIMINAL ACTION
                                                  DOCKET NO. CR-20-1479

STATE OF MAINE                        )
                                      )
            Plaintiff,                )        **ORDER DENYING**
                                      )        **DEFENDANT'S MOTION TO**
       v.                             )        **SUPPRESS**
                                      )
DAVID MALDONADO                       )
                                      )
            Defendant                 )

Before the court is Defendant David Maldonado's motion to suppress evidence obtained pursuant to a warrant containing a mistaken address in its no-knock provision. The Defendant's motion is based solely on article I, section 5 of the Maine State Constitution, which prohibits unreasonable searches and seizures.[1]

## I.     Facts

The parties have stipulated to the following facts:

On July 24, 2020 Detective Benjamin Murtiff applied for a no-knock warrant for 15 Middle Street, Apartment 4, in Augusta. Factual Stipulations *in re* Motion to Suppress ¶ 1. The magistrate issued the warrant requested with a no-knock provision, and Det. Murtiff and other officers executed the search warrant at 15 Middle Street, Apartment 4, on July 24. ¶¶ 1-2.

On August 12, 2020 Det. Murtiff drafted an affidavit in support of a search warrant for 85 Gage Street, Apartment 2, in Augusta. ¶ 3. The affidavit established probable cause, and the magistrate issued the warrant with a requested no-knock provision. ¶¶ 3-4. The warrant contained adequate particularity and was executed, without knocking or announcing, on August 12 at 85 Gage Street, Apartment 2. ¶¶ 7, 10. Defendant Maldonado was inside the searched premises, and officers, relying on evidence obtained in the search, charged him with various crimes. ¶ 14.

The warrant contains a drafting error, originating from Det. Murtiff. ¶ 15. The no-knock provision references an incorrect address: "Furthermore, [the magistrate] authorize[s] this to be a 'no-knock' warrant wherein law enforcement may execute this search warrant without prior notification to the occupants of *15 Middle Street, Apartment 4* ...." ¶ 8. The affidavit had not contained this mistake, and the warrant makes no other reference to the incorrect address. ¶¶ 6, 9.

The parties also stipulate the following:

---

[1] "Unreasonable searches prohibited. The people shall be secure in their persons, houses, papers and possessions from all unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without a special designation of the place to be searched, and the person or thing to be seized, nor without probable cause -- supported by oath or affirmation." Me. Const. art. I, § 5.

1

There was no bad faith by Det. Murtiff in making the error. ¶ 16. Det. Murtiff did not mislead the judge with false information or a reckless disregard for the truth. ¶ 17. The warrant was issued with probable cause and was not facially deficient. ¶¶ 20-21. Det. Murtiff reasonably believed he was in compliance with the relevant requirements of the federal and Maine constitutions. ¶ 22. The Court infers from the record that the judge did not notice the drafting error. However, the parties stipulated that he did not abandon his judicial role. ¶ 18.

## II.    Discussion

The parties agree that the face of the warrant authorized a search of 85 Gage Street, Apartment 2. It did not, however, authorize a no-knock search of 85 Gage Street, Apartment 2.[2] The parties further agree that under the Fourth Amendment there is no federal remedy excluding evidence obtained from an unannounced search. They focus their arguments on article I, § 5, a provision in the state constitution resembling the Fourth Amendment.[3]

With respect to the motion to suppress, two issues arise: first, whether article I, § 5 requires that officers knock and announce themselves before entering an area to be searched, and second, if so, whether article I, § 5 requires exclusion of evidence obtained in violation of that knock-and-announce rule. The Defense argues that the Maine Constitution does protect against unannounced searches and offers exclusion of evidence as an appropriate remedy. The State counters that exclusion of evidence is not an available remedy under article I, § 5.[4]

This Court concludes that article I, § 5 does protect against unannounced searches such that officers must knock and announce before they execute a search warrant. The "knock-and-announce" rule has long existed in the federal common law, and in 1995, the U.S. Supreme Court recognized it as flowing from the Fourth Amendment. *Wilson v. Ark.*, 514 U.S. 927, 929 (1995). Before *Wilson v. Arkansas*, the Law Court declined to recognize such a provision flowing from article I, § 5. *State v. Hider*, 649 A.2d 14, 15 (Me. 1994). Since these cases were decided, the Law Court has had the opportunity to recognize a state knock-and-announce rule but declined to address it. *See State v. Reynoso-Hernandez*, 2003 ME 19, ¶ 6 n.2, 816 A.2d 826. However, the Law Court has also stated that article I, § 5 generally offers the same protection as the Fourth Amendment. *E.g. State v. Patterson*, 2005 ME 26, ¶ 10, 868 A.2d 188; *State v. Gulick*, 2000 ME 170, ¶ 9 n.3, 759 A.2d 1085. Moreover, recent Law Court decisions have noted the possibility that article I, § 5 in fact offers greater protection than the Fourth Amendment. *E.g. Hutchinson*, 2009 ME 44, ¶ 18 n.9, 969 A.2d 923; *State v. Glover*, 2014 ME 49, ¶ 10 n.2, 89 A.3d 1077. Because article I, § 5 is at least coextensive with the Fourth Amendment, and the Supreme Court recognized the Fourth Amendment knock-and-announce rule after the Law Court decided *Hider*, this Court concludes that a state knock-and-announce rule flows independently from article I, § 5.

---

[2] The State argues that the drafting error should not invalidate the entire warrant. The Court agrees. The warrant unambiguously authorizes a search of 85 Gage Street, Apartment 2. The drafting error only affects the no-knock provision.

[3] *Compare* Me. Const. art. I, § 5, *supra* note 1 *with* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.").

[4] The parties also argue as to the existence of a good faith exception under the state constitution. The Court does not address this argument because it resolves the motion on other grounds.

2

Having recognized a state knock-and-announce rule, the Court now takes up the issue of whether exclusion of evidence is a remedy for its violation. The State points to the federal reasoning against suppressing evidence obtained in violation of the knock-and-announce rule and Law Court precedent which has traditionally and generally adhered to federal Fourth Amendment precedent where article I, § 5 issues are raised. The Defendant argues that the state constitution supports suppression, despite federal caselaw.

Under the "primacy approach," when a state constitutional issue is properly raised and developed, Maine courts interpret the state constitution before relying on analogous federal constitutional law. *State v. Larrivee*, 479 A.2d 347, 349 (1984). Maine courts may use federal decisions as "helpful guides" for understanding our state constitution, but ultimately the state document controls. *State v. Flick*, 495 A.2d 339, 344 (1985). The State argues that the Law Court has adopted Fourth Amendment precedent for issues under article I, section 5, and highlights two cases—*State v. Hutchinson*, 2009 ME 44, 969 A.2d 923, and *State v. Glover*, 2014 ME 49, 89 A.3d 1077—in which the Law Court has used federal caselaw in its analysis of unreasonable search and seizure. These cases did consider the state and federal protections in conjunction. However, in the Court's view, these cases should not be overread to support the State's position that the Law Court has determined that federal precedent shall be used for resolving *all* article I, § 5 claims. In addition, neither case considers the knock-and-announce rule, and, as noted above, both cases explicitly recognize that the Maine Constitution may offer additional protections not available under the federal constitution. *Hutchinson*, 2009 ME 44, ¶ 18 n.9, 969 A.2d 923; *Glover*, 2014 ME 49, ¶ 10 n.2, 89 A.3d 1077. The Law Court has yet to suppress evidence based solely on article I, § 5. Presumably, however, where that provision and the Fourth Amendment offer at least coterminous protections, they also offer at least coterminous remedies.

The remedy for unlawful searches and other Fourth Amendment violations is generally suppression of evidence. *Weeks v. United States,* 232 U.S. 383, 393 (1914); *Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *State v. Akers*, 2021 ME 43, ¶ 40, 259 A.3d 127; *c.f.* M.R. Crim. P. 41A(a); M.R. Crim. P. 41(j). However, the relevant Fourth Amendment precedent holds that knock-and-announce violations do not warrant evidentiary suppression. The Supreme Court in *Weeks v. United States*, deciding evidence obtained in violation of the Fourth Amendment was inadmissible at trial, explained, "[t]he efforts of the courts and their officials to bring the guilty to punishment, praiseworthy as they are, are not to be aided by the sacrifice of those great principles established by years of endeavor and suffering which have resulted in their embodiment in the fundamental law of the land." 232 U.S. 383, 393. Since then, the Court has explained that the same reasoning does not hold true for the federal protection against knock-and-announce violations: "Until a valid warrant has issued, citizens are entitled to shield 'their persons, houses, papers, and effects,' U.S. Const., Amdt. 4, from the government's scrutiny. Exclusion of the evidence obtained by a warrantless search vindicates that entitlement. The interests protected by the knock-and-announce requirement are quite different...." *Hudson v. Michigan*, 547 U.S. 586, 593 (2006).

In *Hudson*, the Court considered the benefits the knock-and-announce rule and the drawbacks of exclusion of evidence. For the former, it noted the "protection of human life and limb," the "opportunity to comply with the law and to avoid the destruction of property

3

occasioned by a forcible entry," and protection of "privacy and dignity that can be destroyed by a sudden entrance." *Id.* at 594 (internal quotations omitted). It then stated that the exclusionary rule should not apply to knock-and-announce violations because exclusion of evidence does nothing to vindicate these privacy, property, or safety interests. *Id.* In addition, the Court was greatly concerned with the costs of evidentiary exclusion, including "the risk of releasing dangerous criminals," "a constant flood of alleged failures to observe the rule," and "officers' refraining from timely entry after knocking and announcing." *Id.* at 595.

Here, the Prosecution's argument that courts must apply the federal exclusionary rule jurisprudence to the state constitution undervalues the primacy approach, which recognizes that the Maine Constitution operates independently of the federal constitution and that courts must examine Maine history and values when interpreting its constitution. *See State v. Chan*, 2020 ME 91, ¶¶ 32-34, 236 A.3d 471 (Connors and Jabar, JJ., concurring). In the Court's view, the Law Court has the authority to rely upon federal law, but it also retains the authority to interpret and apply the Maine Constitution if it concludes that it provides more protections and rights for Maine citizens than the United States Constitution. In other words, the Law Court is not required to exclusively rely upon Fourth Amendment precedent as controlling or as a default.

The Defendant urges this Court to create a remedy for violation of article I, § 5, and argues that the appropriate would be suppression of evidence. In support of his argument, Defendant points to the aforementioned expressions in recent caselaw that the Maine Constitution may provide broader protections for Maine citizens than federal law. However, these expressions from the Law Court are difficult to reconcile with other precedent stating otherwise. *See State v. Fredette*, 411 A.2d 65, 67 (Me. 1979) ("It has been the consistent position of this court not to adopt an exclusionary rule pursuant to our Constitution when the United States Supreme Court has not applied such a rule to the states...."); *State v. Foisy*, 384 A.2d 42, 44 n.2 (Me. 1978) ("This Court, however, has consistently declined to provide an exclusionary rule sanction pursuant to our State Constitution where the exclusionary rule mandated by the 4th and 14th Amendments to the Constitution of the United States does not require the exclusion of evidence.").

The Court agrees with the Defendant that the contours of Maine's constitution in light of Maine values may appropriately be considered. And the Court would note that while some states interpreting their own constitutions have followed federal precedent regarding a knock-and-announce remedy,[5] several states have considered the same issue and decided to exclude evidence obtained in violation of a state knock-and-announce rule.[6] For a number of reasons, the

---

[5] *See, e.g., State v. Bembry*, 90 N.E.3d 891, 900 (Ohio 2017) (declining to depart from Fourth Amendment jurisprudence in considering the meaning of the state constitutional prohibition on unreasonable searches); *People v. Glorioso*, 924 N.E.2d 1153, 1159, 1163-4 (Ill. Ct. App. 2010) (following the "lockstep doctrine" such that absent certain requirements, federal Fourth Amendment precedent controls interpretation of a similar state constitutional provision); *State v. Roberson*, 225 P.3d 1156, 1159 (Ariz. Ct. App. 2010) (differentiating warrantless unreasonable searches from knock-and-announce violations).

[6] *See, e.g., Commonwealth v. Crompton*, 682 A.2d 286, 290 (Pa. 1995) (holding "the remedy for noncompliance with the knock and announce rule is always suppression"); *State v. Attaway*, 870 P.2d 103, 112 n.6 (N.M. 1994) (holding that "[i]f an officer does not knock and announce prior to forcible entry and exigent circumstances are not present, the fruits of that search would be excluded as a violation of the general constitutional reasonableness requirement"); *N.J v. Caronna*, No. A-0580-20, 2021 N.J. Super. LEXIS 137, at *6 (N.J. Super. Ct. App. Div. Nov. 3, 2021) (holding that "[c]ompliance with a knock-and-announce warrant requirement is a critical predicate for a

Court perceives a basis for concluding that the Law Court could be moving toward the approaches taken by courts in Pennsylvania, New Mexico, New Jersey, and Delaware.

First, the unique state context of article I, § 5 must inform its interpretation. While the purpose of the federal exclusionary rule is to deter officer misconduct, *Hudson v. Mich.*, 547 U.S. 586, 591 (2006), in Maine it may be broader. S*ee Rees*, 2000 ME 55, ¶ 44, 748 A.2d 976 (Saufley, J., dissenting) (stating that the exclusionary rule was created to "deter improper conduct by the State and to prevent the state from using its ill-gotten gains against a citizen"); *c.f. United States v. Calandra*, 414 U.S. 338, 357 (1974) (Brennan, J., dissenting) ("The exclusionary rule, if not perfect, accomplished the twin goals of enabling the judiciary to avoid the taint of partnership in official lawlessness and of assuring the people – all potential victims of unlawful government conduct – that the government would not profit from its lawless behavior...."). As applied in Maine, exclusion of evidence obtained by unauthorized unannounced searches might be warranted, for example, to remedy the injury to an individual's constitutionally protected privacy or to preserve public trust in government.

Moreover, the Law Court has recently noted and separately analyzed the goals behind the federal and state constitutions. This approach, if it continues, would have the effect of maintaining the sovereign authority of the Maine Constitution. In nothing that under both federal and state constitutions a warrantless search is generally unreasonable unless a recognized warrant exception applies, the Law Court in one case specifically emphasized values specifically rooted in the Maine Constitution. It held that the federal test for the administrative inspection exception to the warrant requirement should not be applied so strictly that "we fail to account for the core state constitutional value that all searches and seizures must not be 'unreasonable.'" *State v. Melvin*, 2008 ME 118, ¶¶ 6, 13, 955 A.2d 245.

In addition, the Maine Legislature's recently imposed limitations on the availability of no-knock warrants. This certainly expresses Mainers' concern with safety and privacy rights. The Legislature passed a law in June 2021 that limits no-knock warrants to circumstances in which there is an "imminent risk of death or bodily harm ... verified by the issuing authority" or another "recognized exception to the warrant requirement, including, but not limited to, exigent circumstances." L.D. 1171 (130th Legis. 2021) (enacted at 15 M.R.S. § 57).[7] The Court finds that the no-knock provision that Defendant Maldonado challenges would have violated this law if issued today, even if it contained the correct address.

Two related bills were proposed – one that would ban no-knock warrants outright, which did not pass, L.D. 1127 (130th Legis. 2021), and another, which did pass, requiring departments to adopt written policies on the execution of unannounced search warrants. L.D. 1043 (130th Legis. 2021) (enacted at 25 MRSA §2803-B(1)). Almost all proponents and opponents of the three

---

reasonable search under our State Constitution"); *State v. Upshur*, No. 1003003410, 2011 Del. Super. LEXIS 170, at *13-16 (Del. Super. Ct. Apr. 13, 2011) (recognizing that mere syntactical differences may indicate a desire to differentiate a state protection from the Fourth Amendment and holding that exclusion is the proper remedy for state knock-and-announce violations).

[7] In its draft form, L.D. 1171 created a Class E crime for its violation. In its final form, the law does not charge violating officers with a crime, and no other statutory remedy is included. Testimony suggested that potential remedies could be suppression of evidence, suspension or revocation of officer credentials or licensing, or damages liability. *An Act to Curtail 'No-Knock' Warrants: Hearing on L.D. 1171 Before the J. Standing Comm. on Crim. Just. and Pub. Safety*, 130th Legis. (2021) (testimonies of Major Brian Scott for the Maine State Police and Dept. of Pub. Safety and Tina Nadeau for the Maine Association of Criminal Defense Lawyers).

proposed bills were moved by the real risk of danger such no-knock warrants can pose to civilians and law enforcement. Many people who testified referenced the death of Breonna Taylor, a young Kentucky woman accidentally killed by police in an unannounced search of a home in 2020.[8] Nearly every testifying party on all three bills agreed that no-knock warrants should be limited to rare occasions when the danger they pose can be justified.

The renewed value the Law Court has placed on the Maine Constitution, along with the recognition by the Maine Legislature of the real dangers to the public created by unannounced searches, suggest that a judicial remedy for violation of article I, § 5 could be necessary – whether by suppression under M.R. Crim. P. 41A(a), or otherwise. However, the issue of whether violation of a state knock-and-announce rule warrants evidentiary suppression is ultimately one that must be made Law Court or the Maine Legislature. Given the current state of Maine caselaw, this Court does not believe it has the authority to create the remedy requested by the Defendant.

For the foregoing reasons, Defendant's motion to suppress is DENIED.

Dated: **Dec. 3** , 2021

_____
Justice, Superior Court

**A true copy
ATTEST:**

**Michele Lumbert**
**Clerk of Courts**

---

[8] *See, e.g., An Act to Curtail 'No-Knock' Warrants: Hearing on L.D. 1171 Before the J. Standing Comm. on Crim. Just. and Pub. Safety*, 130th Legis. (2021) (testimonies in support by William Faulkingham, Attorney General Aaron Frey, Tina Nadeau on behalf of the Maine Association of Criminal Defense Lawyers, and testimonies against by Matt Bernstein, Monique Boutin, Danielle Kroot, Luke Saindon); *An Act Concerning the Unannounced Execution of Search Warrants: Hearing on L.D. 1043 Before the J. Standing Comm. On Crim. Just. and Pub. Safety*, 130th Legis. (2021) (testimonies in support by Attorney General Aaron Frey, Tina Nadeau, Rep. Danny Costain); *An Act to Prohibit the Use of "No-Knock" Warrants: Hearing on L.D. 1127 Before the J. Standing Comm. on Crim. Just. and Pub. Safety*, 130th Legis. (2021) (testimonies in support by Matt Bernstein, Tina Nadeau, Amy Roeder, Michael Kebede on behalf of the American Civil Liberties Union, and testimony against by Major Brian Scott, Sheriff Robert Young on behalf of Maine Sheriff's Association, Chief Jared Mills on behalf of Maine Chiefs of Police Ass'n). The general sentiment in testimony on all three bills was concern with balancing the safety risks of unannounced searches with risks that may be increased in limited situations by law enforcement's announcing its presence.

STATE OF MAINE                                    CRIMINAL DOCKET
  v.                                              KENNEBEC, ss.
DAVID  MALDONADO                                  Docket No  KENCD-CR-2020-01479
154 GREEN ST APT 6
AUGUSTA ME 04330                                  **DOCKET RECORD**

DOB: 04/24/1994
Attorney: ANDREW WRIGHT                State's Attorney: KATIE SIBLEY
          ANDREW WRIGHT ATTORNEY AT LAW
          16 UNION STREET SUITE 104
          BRUNSWICK ME 04011
          APPOINTED 08/14/2020

Filing Document: CRIMINAL COMPLAINT          Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 08/14/2020

## Charge(s)

1    AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  08/12/2020 AUGUSTA
Seq 9044   17-A  1105-A(1)(C-1)(1)      Class A
     MURTIFF                 / AUG

2    AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  08/12/2020 AUGUSTA
Seq 13783 17-A  1105-A(1)(M)       Class A
     MURTIFF                 / AUG

3    AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  08/12/2020 AUGUSTA
Seq 9044   17-A  1105-A(1)(C-1)(1)      Class A
     MURTIFF                 / AUG

4    AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  08/12/2020 AUGUSTA
Seq 9050   17-A  1105-A(1)(D)       Class A
     MURTIFF                 / AUG

5    AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  08/12/2020 AUGUSTA
Seq 9044   17-A  1105-A(1)(C-1)(1)      Class A
     MURTIFF                 / AUG

6    ILLEGAL POSSESSION OF FIREARM             08/12/2020 AUGUSTA
Seq 11378 15    393(1)(A-1)          Class C
     MURTIFF                 / AUG

7    CRIMINAL FORFEITURE OF PROPERTY           08/12/2020 AUGUSTA
Seq 7049 15    5826              Class U  Charged with INDICTMENT on Supplem
     MURTIFF                 / AUG

8    CRIMINAL FORFEITURE OF PROPERTY           08/12/2020 AUGUSTA
Seq 7049 15    5826              Class U  Charged with INDICTMENT on Supplem
     MURTIFF           / AUG

## Docket Events:

08/14/2020 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/14/2020

08/14/2020 Charge(s): 1,2,3,4,5,6

HEARING - INITIAL APPEARANCE SCHEDULED FOR 08/14/2020 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL

08/17/2020 Charge(s): 1,2,3,4,5,6
HEARING - INITIAL APPEARANCE HELD ON 08/14/2020
GEOFFREY RUSHLAU , JUDGE
Attorney: LISA WHITTIER
DA: KATIE SIBLEY
Defendant Present in Court

08/17/2020 Charge(s): 1,2,3,4,5,6
PLEA - NO ANSWER ENTERED BY DEFENDANT ON 08/14/2020

08/17/2020 BAIL BOND - $25,000.00 CASH BAIL BOND SET BY COURT ON 08/14/2020
GEOFFREY RUSHLAU , JUDGE
NO U/P OF D/DW/F R/S/T W/O AS OR PC; NO D/I CONTACT W/ JESSE CURTIS 05/20/67; THOMAS
KNOWLTON 09/10/59 AND NOT ENTER ANY R/E/E; NOT LEAVE STATE OF MAINE; NOT RETURN TO 85 GAGE
STREET AUGUSTA, ME; CURFEW OF 9PM - 8AM EXCEPT FOR WORK/EMPLOYMENT; MAY BE REVIEWED

08/17/2020 BAIL BOND - CASH BAIL BOND COND RELEASE ISSUED ON 08/14/2020
GEOFFREY RUSHLAU , JUDGE

08/17/2020 Charge(s): 1,2,3,4,5,6
HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/10/2020 at 10:00 a.m. in Room No. 1

08/17/2020 Charge(s): 1,2,3,4,5,6
ORDER - COURT ORDER ENTERED ON 08/14/2020
GEOFFREY RUSHLAU , JUDGE
ORDER ON COURT APPOINTED COUNSEL

08/17/2020 Party(s): DAVID MALDONADO
ATTORNEY - APPOINTED ORDERED ON 08/14/2020

Attorney: ANDREW WRIGHT

08/17/2020 Charge(s): 1,2,3,4,5,6
HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ELECTRONICALLY ON 08/17/2020

08/31/2020 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 08/31/2020

SENT TO ATTY

09/04/2020 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 09/04/2020

09/04/2020 HEARING - MOTION TO AMEND BAIL SCHEDULED FOR 09/09/2020 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL

09/04/2020 HEARING - MOTION TO AMEND BAIL NOTICE SENT ELECTRONICALLY ON 09/04/2020

09/10/2020 HEARING - MOTION TO AMEND BAIL HELD ON 09/09/2020
WILLIAM STOKES , JUSTICE
Attorney: ANDREW WRIGHT
DA: KATIE SIBLEY
Defendant Present in Court

09/10/2020 MOTION - MOTION TO AMEND BAIL GRANTED ON 09/09/2020
WILLIAM STOKES , JUSTICE
COPY TO PARTIES/COUNSEL                                          IN PART

09/10/2020 MOTION - MOTION TO AMEND BAIL DENIED ON 09/09/2020
WILLIAM STOKES , JUSTICE

COPY TO PARTIES/COUNSEL

09/10/2020 BAIL BOND - $20,000.00 CASH BAIL BOND AMENDED ON 09/09/2020
WILLIAM STOKES , JUSTICE
NO U/P OF D/DW/F R/S/T W/O AS OR PC; NO D/I CONTACT W/ JESSE CURTIS 05/20/67, THOMAS
KNOWLTON 09/10/59 AND NOT ENTER ANY R/E/E; NOT TO LEAVE STATE OF MAINE; NOT RETURN TO 85
GAGE STREET AUGUSTA; 9PM-8AM EXCEPT FOR WORK/EMPLOYMENT

09/25/2020 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 09/18/2020


COPY SENT TO ATTORNEY

10/22/2020 MOTION - OTHER MOTION FILED BY DEFENDANT ON 10/13/2020


MOTION TO REVEAL CONFIDENTIAL INFORMANT

10/22/2020 OTHER FILING - OTHER DOCUMENT FILED ON 10/19/2020


STATES OBJECTION TO MOTION TO REVEAL CONFIDENTIAL INFORMANT

10/27/2020 MOTION - OTHER MOTION DENIED ON 10/22/2020
WILLIAM STOKES , JUSTICE
MOTION TO REVEAL CONFIDENTIAL INFORMANT

10/28/2020 Charge(s): 1,2,3,4,5,6
OTHER FILING - OTHER DOCUMENT FILED ON 09/04/2020


DA: KATIE SIBLEY
NOTICE OF SEARCH AND SEIZURE SW20-73

10/28/2020 Charge(s): 1,2,3,4,5,6,7,8
SUPPLEMENTAL FILING - INDICTMENT FILED ON 10/23/2020


10/28/2020 Charge(s): 1,2,3,4,5,6,7,8
HEARING - ARRAIGNMENT SCHEDULED FOR 11/24/2020 at 01:00 p.m. in Room No. 1


10/28/2020 Charge(s): 1,2,3,4,5,6,7,8
HEARING - ARRAIGNMENT NOTICE SENT ELECTRONICALLY ON 10/28/2020


11/10/2020 Charge(s): 1,2,3,4,5,6
HEARING - DISPOSITIONAL CONFERENCE HELD ON 11/10/2020
WILLIAM STOKES , JUSTICE
Attorney: ANDREW WRIGHT
DA: KATIE SIBLEY

11/10/2020 Charge(s): 1,2,3,4,5,6,7,8
HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 01/19/2021 at 01:00 p.m. in Room No. 1


11/10/2020 Charge(s): 1,2,3,4,5,6,7,8
HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ELECTRONICALLY ON 11/10/2020


12/31/2020 OTHER FILING - OTHER DOCUMENT FILED ON 12/29/2020


DEF MOTION TO AMEND BAIL. SENT COPY TO ATTY ON RECORD.

01/04/2021 OTHER FILING - OTHER DOCUMENT FILED ON 12/31/2020


MOTION TO AMEND BAIL FILED BY DEF

EMAILED TO DEF ATTY 1/4/21

01/04/2021 OTHER FILING - OTHER DOCUMENT FILED ON 12/31/2020


MOTION TO AMEND BAIL FILED BY DEF

01/04/2021 OTHER FILING -  OTHER DOCUMENT FILED ON 12/31/2020

          MOTION TO AMEND BAIL FILED BY DEF
                                              EMAILED TO DEF ATTY 1/4/21
01/12/2021 MOTION -  MOTION TO AMEND BAIL FILED BY DEFENDANT ON 01/07/2021


01/12/2021 HEARING -  MOTION TO AMEND BAIL SCHEDULED FOR 01/29/2021 at 01:00 p.m. in Room No.  1

          ZOOM W/ IN CUSTODIES
01/12/2021 HEARING -  MOTION TO AMEND BAIL NOTICE SENT ELECTRONICALLY ON 01/12/2021


01/19/2021 OTHER FILING -  OTHER DOCUMENT FILED ON 01/19/2021

          DA:  KATIE SIBLEY
          STATES OBJECTION TO MOTION TO AMEND BAIL
01/19/2021 Charge(s): 1,2,3,4,5,6,7,8
          HEARING -  ARRAIGNMENT NOT HELD ON 11/24/2020


01/20/2021 Charge(s): 1,2,3,4,5,6,7,8
          HEARING -  DISPOSITIONAL CONFERENCE HELD ON 01/19/2021
          M MICHAELA MURPHY , JUSTICE
01/29/2021 HEARING -  MOTION TO AMEND BAIL HELD ON 01/29/2021
          WILLIAM  STOKES , JUSTICE
          Defendant Present in Court
01/29/2021 MOTION -  MOTION TO AMEND BAIL DENIED ON 01/29/2021
          WILLIAM  STOKES , JUSTICE
          COPY TO PARTIES/COUNSEL
01/29/2021 Charge(s): 1,2,3,4,5,6,7,8
          HEARING -  STATUS CONFERENCE SCHEDULED FOR 03/03/2021 at 03:00 p.m. in Room No.  1


02/01/2021 Charge(s): 1,2,3,4,5,6,7,8
          HEARING -  STATUS CONFERENCE NOTICE SENT ELECTRONICALLY ON 02/01/2021


02/10/2021 Charge(s): 1,2,3,4,5,6,7,8
          HEARING -  ARRAIGNMENT SCHEDULED FOR 02/22/2021 at 10:30 a.m. in Room No.  1


          ZOOM
02/10/2021 Charge(s): 1,2,3,4,5,6,7,8
          HEARING -  ARRAIGNMENT NOTICE SENT ELECTRONICALLY ON 02/10/2021


02/18/2021 Charge(s): 1,2,3,4,5,6,7,8
          MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 02/11/2021


02/22/2021 Charge(s): 1,2,3,4,5,6,7,8
          HEARING -  ARRAIGNMENT HELD ON 02/22/2021
          WILLIAM  STOKES , JUSTICE
          Defendant Present in Court

          DEFENDANT INFORMED OF CHARGES.
02/22/2021 Charge(s): 1,2,3,4,5,6
          PLEA -  NOT GUILTY ENTERED BY COURT ON 02/22/2021
          WILLIAM  STOKES , JUSTICE

02/22/2021 Charge(s): 7,8
　　　　　PLEA - DENY ENTERED BY COURT ON 02/22/2021
　　　　　WILLIAM STOKES , JUSTICE
02/24/2021 OTHER FILING - OTHER DOCUMENT FILED ON 02/22/2021

　　　　　STATES RESPONSE TO MOTION TO SUPPRESS WITH MEMORANDA
02/26/2021 OTHER FILING - OTHER DOCUMENT FILED ON 02/22/2021

　　　　　DA: KATIE SIBLEY
　　　　　STATE'S RESPONSE TO MOTION TO SUPPRESS WITH MEMORANDA
03/05/2021 Charge(s): 1,2,3,4,5,6,7,8
　　　　　HEARING - STATUS CONFERENCE HELD ON 03/03/2021
　　　　　M MICHAELA MURPHY , JUSTICE
　　　　　Attorney: ANDREW WRIGHT
　　　　　DA: KATIE SIBLEY
03/05/2021 Charge(s): 1,2,3,4,5,6,7,8
　　　　　HEARING - STATUS CONFERENCE SCHEDULED FOR 05/05/2021 at 09:45 a.m. in Room No.  1

03/16/2021 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 04/26/2021 at 02:30 p.m. in Room No.  4

　　　　　NOTICE  TO PARTIES/COUNSEL
03/16/2021 HEARING - MOTION TO SUPPRESS NOTICE SENT ELECTRONICALLY ON 03/16/2021

04/22/2021 Charge(s): 1,2,3,4,5,6,7,8
　　　　　MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 04/22/2021

04/22/2021 OTHER FILING - NTS OF EMAIL FILING/RESP DEADL FILED ON 04/22/2021

04/23/2021 MOTION - MOTION TO CONTINUE FILED BY STATE ON 04/23/2021

04/26/2021 OTHER FILING - OTHER DOCUMENT FILED ON 04/26/2021

　　　　　CHANGE OF PHONE NUMBER
05/03/2021 MOTION - MOTION TO CONTINUE GRANTED ON 04/23/2021

　　　　　COPY TO PARTIES/COUNSEL
05/03/2021 Charge(s): 1,2,3,4,5,6,7,8
　　　　　MOTION - MOTION TO CONTINUE GRANTED ON 04/23/2021

　　　　　COPY TO PARTIES/COUNSEL
05/03/2021 BAIL BOND - $20,000.00 CASH BAIL BOND FILED ON 04/26/2021

　　　　　Bail Receipt Type: CR
　　　　　Bail Amt: $20,000
　　　　　　　　　　　　　　　　Receipt Type: CK
　　　　　Date Bailed: 04/23/2021　　Prvdr Name: IVAN  LUGO
　　　　　　　　　　　　　　　　Rtrn Name: IVAN  LUGO

05/03/2021 BAIL BOND - CASH BAIL BOND COND RELEASE ISSUED ON 04/23/2021

　　　　　NOT USE OR POSSESS ILLEGAL DRUGS OR THEIR DERIVATIVES, DANGEROUS WEAPONS,  FIREARMS, IN
　　　　　ORDER TO DETERMINE IF SHE/HE HAS VIOLATED ANY PROHIBITION OF THIS BOND REGARDING ALCOHOLIC
　　　　　BEVERAGES, ILLEGAL DRUG OR DANGEROUS WEAPONS, SHE/HE WILL SUBMIT TO SEARCH OF HER/HIS

PERSON, VEHICLE AND RESIDENCE AND IFAPPLICABLE, TO CHEMICAL TESTS; AT ANYTIME WITHOUT ARTCULABLE SUSPICION OR PROBABLE CAUSE NO CONTACT JESSE CURTIS,THOMAS KNOWLES, NOT TO LEAVE STATE OOF MAINE CURFEW 9PM-8AM EXCEPT FOR WORK
Date Bailed: 04/23/2021

05/03/2021 HEARING -  MOTION TO SUPPRESS CONTINUED ON 04/26/2021


05/03/2021 Charge(s): 1,2,3,4,5,6,7,8
HEARING -  STATUS CONFERENCE CONTINUED ON 04/26/2021


05/03/2021 Charge(s): 1,2,3,4,5,6,7,8
HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 06/07/2021 at 08:30 a.m. in Room No.  1


DEFENDANT GIVEN THIS DATE AND TIME ON BAIL BOND.  THIS IS AN ARRAIGNMENT DATE, NEEDS TO BE SET FOR DISPO CONF.
05/03/2021 Charge(s): 1,2,3,4,5,6,7,8
HEARING -  DISPOSITIONAL CONFERENCE NOT HELD ON 05/03/2021


DEFENDANT WAS GIVEN THIS DATE ON BAIL BOND.  SHOULD BE SET FOR DISPO DATE
05/26/2021 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 07/01/2021 at 01:00 p.m. in Room No.  3


NOTICE  TO PARTIES/COUNSEL
05/26/2021 HEARING -  MOTION TO SUPPRESS NOTICE SENT ELECTRONICALLY ON 05/26/2021


07/07/2021 HEARING -  MOTION TO SUPPRESS NOT HELD ON 07/01/2021


07/07/2021 HEARING -  CONFERENCE HELD ON 07/01/2021
M MICHAELA MURPHY , JUSTICE
Attorney:  ANDREW WRIGHT
DA:  KATIE SIBLEY
BRIEF TO BE FILED BY ATTY. WRIGHT BY 7/30/21.  REBUTTAL,TO BE FILED BY 8/13/21.
07/07/2021 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 07/20/2021 at 02:00 p.m. in Room No.  3


NOTICE  TO PARTIES/COUNSEL                                                    PER JUSTICE
MURPHY
07/07/2021 HEARING -  MOTION TO SUPPRESS NOTICE SENT ELECTRONICALLY ON 07/07/2021


07/15/2021 HEARING -  MOTION TO SUPPRESS NOT HELD ON 07/15/2021


JURY TRIAL DAY
07/16/2021 OTHER FILING -  OTHER DOCUMENT FILED ON 07/16/2021


Attorney:  ANDREW WRIGHT
DA:  KATIE SIBLEY
FACTUAL STIPULATIONS IN RE MOTION TO SUPPRESS FILED BY THE STATE
07/20/2021 Charge(s): 1,2,3,4,5,6,7,8
MOTION -  MOTION TO SUPPRESS UNDER ADVISEMENT ON 07/20/2021


W/J. MURPHY ON FACTUAL STIPULATIONS
07/20/2021 CASE STATUS -  CASE FILE LOCATION ON 07/20/2021


UNDER ADVISEMENT W/J. MURPHY
08/04/2021 Charge(s): 1,2,3,4,5,6,7,8
OTHER FILING -  OTHER DOCUMENT FILED ON 08/04/2021

MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS FILED BY COUNSEL FOR THE DEFENDANT.  EMAILED
TO JUSTICE MURPHY THIS DATE.

08/17/2021 Charge(s): 1,2,3,4,5,6,7,8
MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY STATE ON 08/11/2021

EXTEND TIME TO FILE REBUTTAL MEMORANDA TO 8/20/2021                      NO OBJECTION BY
COUNSEL FOR THE DEFENDANT

08/20/2021 OTHER FILING -  OTHER DOCUMENT FILED ON 08/19/2021

DA:  KATIE SIBLEY
STATE'S REBUTTAL MEMORANDA IN RE MOTION TO SUPPRESS

08/27/2021 Charge(s): 1,2,3,4,5,6,7,8
MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/17/2021
M MICHAELA MURPHY , JUSTICE
TIME FOR BRIEFS IS EXTENDED TO 8/20/21.                                 COPY OF ORDER
TO COUNSEL & DA

12/14/2021 ORDER -  COURT ORDER FILED ON 12/03/2021
M MICHAELA MURPHY , JUSTICE
ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

12/14/2021 Charge(s): 1,2,3,4,5,6,7,8
MOTION -  MOTION TO SUPPRESS DENIED ON 12/03/2021
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL

12/14/2021 CASE STATUS -  CASE FILE RETURNED ON 12/14/2021

12/14/2021 MOTION -  MOTION TO AMEND BAIL GRANTED ON 09/09/2020
WILLIAM  STOKES , JUSTICE
COPY TO PARTIES/COUNSEL                                                 GRANTED IN PART

12/14/2021 MOTION -  MOTION TO AMEND BAIL DENIED ON 09/09/2020
WILLIAM  STOKES , JUSTICE
COPY TO PARTIES/COUNSEL                                                 IN PART

A TRUE COPY
ATTEST: _____
                         Clerk